## Case No. 5,436.

### GILLESPIE v. REED et al.

### [3 McLean, 377.] [1]

Circuit Court, D. Illinois.   June Term, 1844.

EJECTMENT IN ILLINOIS—EVIDENCE—COPY OF RECORDED DEED—SEAL—NOTICE TO SUBSEQUENT PURCHASERS.

1. In Illinois, all fiction in the action of ejectment is abolished.

2. The copy of a recorded deed may be received in evidence, to show that when recorded, it had a seal on it, which had been removed from the original.

3. Deeds recorded under a statute in Illinois, are made notice to creditors and subsequent purchasers, though not properly acknowledged. But such deed, when used in evidence, must be proved as similar instruments of writing.

At law.

Mr. Peter, for plaintiff.

Mr. Reed, for defendants.

OPINION OF THE COURT. This is an action of ejectment. All fiction in this action, in Illinois, is abolished by statute. In support of the plaintiff's title, a deed was offered which was executed in New Hampshire, and the acknowledgment of which was taken in that state before a justice of the peace. The certificate of the secretary of state, and the state seal, were offered as proving that the person taking the acknowledgment was a justice of the peace. This was objected to. The statute of Illinois regulating the execution of deeds out of the state, for lands lying within it, at the time this deed was executed, requires the certificate of the clerk, and seal of the court; if the person taking the acknowledgment be a justice of the peace, that he is a justice. The district judge held this authentication sufficient. The circuit judge said, if the clerk, who is to certify, be the clerk of the county, which is supposed to be the meaning of the act, he thought the authentication not sufficient. That where the statute pointed out a form of a deed executed out of the state for land within it, the statute must be pursued. But the deed was read in evidence. The defendants offered a deed purporting to be under seal, but the seal not appearing on the face of the deed, a copy of the record was

1 [Reported by Hon. John McLean, Circuit Justice.]

admitted to prove that originally it had been sealed. An objection was made to the acknowledgment, because it did not state that the grantor making the acknowledgment, was known to the person taking it. The act of July 21, 1817 [Laws Ill. p. 18, § 1], provides, "that the recording of any deed, grant, &c., shall be deemed and taken to be notice to subsequent purchasers and creditors, from the date of such recording, whether the said writing shall have been acknowledged or proven in conformity to the laws of the state or not; provided, that no such writing, acknowledged or proven in conformity to the laws of the state, to entitle the same to be recorded, shall be admitted as evidence in any court, unless execution thereof be proven in the manner required by the rule of evidence applicable to such writings." And it was declared, that "that act shall apply to writings heretofore executed." Previous laws authorised deeds to be recorded which had been acknowledged, &c., without a certificate that the officer knew the person making it. The deed was admitted on parol proof of its execution.